**Ellen W. Comte, Plaintiff-Appellant, v. George O'Neil, Defendant-Appellee.**

**Gen. No. 11,183.**

Fourth District.

July 30, 1970.

Rehearing denied July 30, 1970.

Elmo E. Koos, of Peoria, for appellant.

Costigan & Wollrab, of Bloomington, for appellee.

SMITH, J.

Plaintiff appeals from a judgment on a verdict directed in favor of the defendant at the close of the plaintiff's evidence. The trial court held that the evidence was insufficient to raise a jury question of negligence on the part of the defendant, either during a Caesarean section performed by him or his post-operative treatment. We agree and the judgment must be affirmed.

The evidence produced was that of the plaintiff and of defendant doctor called as an adverse witness under § 60 of the Civil Practice Act. Ill Rev Stats 1967, c 110, § 60. The Caesarean section was uneventful. The negligence charged is that (1) the defendant negligently per-

mitted the cecum, a portion of the large intestine, to become "kinked" during the operation thereby preventing excretion or (2) failed to diagnose the condition and call in a specialist until four days after the Caesarean operation. The evidence is undisputed that at some time the cecum did become kinked, but is silent as to whether it was before, during or after the Caesarean, and that not one, but two successive operations were required before the ailment was corrected.

Each party accepts the principle that one calling a witness under § 60 of the Civil Practice Act does not vouch for his veracity and may contradict such testimony but, nevertheless, is bound by such uncontradicted and unrebutted testimony. Kapraun v. Kapraun, 12 Ill2d 348, 146 NE2d 7. The parties likewise recognized the rule in a malpractice suit that the plaintiff must establish standards of care by expert testimony and that the injuries suffered resulted from a negligent failure to follow such standards. Lundahl v. Rockford Memorial Hospital Ass'n, 93 Ill App2d 461, 235 NE2d 671, and cases cited therein. Accepted exceptions to this rule are referred to as the "common knowledge" rule or the "gross negligence" rule, that is, where the physician's conduct is so palpably negligent or the treatment is so common that a layman could readily appraise it. Scardina v. Colletti, 63 Ill App2d 481, 211 NE2d 762.

It is the plaintiff's position that the defendant's testimony is that of an expert and establishes a standard of care, or, in the alternative, that the facts in this case place it in an area of common knowledge or gross negligence for jury determination. In our judgment, the record supports neither position.

The defendant testified that he specialized in obstetrics and gynecology, had performed a previous Caesarean on this lady in 1953 and then "the patient evidenced a certain amount of distention of the abdomen. This

complication was terminated by the fourth day." There was no subsequent surgery then to correct a kinked cecum or any bowel disorders. At the time of this second Caesarean (1956), the defendant had delivered some 6,000 children and about 5 percent of them were delivered by Caesarean section. The defendant averaged about ten such operations a year. The instant operation was performed on December 25. The defendant testified that "on the 27th I did not consider that she had more of a problem with her bowels than anyone would at the corresponding stage of operation. On the 28th, no Xrays were ordered because distention was not greater than one occasionally finds due to just bowel inactivity. Gas had been passed from the enema and the abdomen was softer." The enemas were continued and a stimulant to get a "lazy" bowel on the move was administered. The stimulant had not been required in the 1953 Caesarean. On December 29, there was further distention, Xrays were ordered, and a specialist was called in. The specialist directed further Xrays later in the same day and corrective surgery was performed on the late afternoon of the 29th. Following this operation, there was a recurrence of the distention and discomfort and second corrective surgery took place four days later. The patient's subsequent recovery was uneventful.

■■ The doctor testified as to what he did in this case. He was not asked nor did he volunteer whether such conduct was the standard of care adopted, accepted, or generally practiced in such cases. The law of this State makes it the affirmative duty of the plaintiff to establish a standard of conduct either by the defendant or some other expert in the field as a foundation for its breach. If what the doctor did conformed to accepted practice, there was no breach of duty and no liability. For a jury, a trial judge, or this court to enunciate a standard of care on this record contrary to what was

actually done by the defendant is to erect a breach of duty upon evidentiary quicksand. No standard contrary to what the defendant did was established by the evidence.

In like manner, we cannot place the facts in this record in the field of "common knowledge" or "gross negligence." It was the first experience of this kind for the defendant. It can hardly be placed in the same category as a sponge in the abdomen, an instrument left behind, an X-ray burn or cases of like character which bespeak to the man in the street some carelessness on the part of somebody. If a kink of the cecum is something reasonably to be anticipated and guarded against by the obstetrician, this record does not establish it. The treatment during the first four days that failed in this patient in 1956 succeeded in 1953. The evidence establishes that the cecum was not in the surgical field of this Caesarean operation. To what extent medical science or good medical practice requires an exploratory examination of other organs in an abdominal operation of this kind is not shown by the record. To permit a jury to impose a liability for breach of a standard of conduct which is neither established by evidence nor within the area of common knowledge or gross negligence is pure speculation.

We, therefore, conclude that there is no evidence establishing a standard of care for a doctor in a case of this character and thus no showing of any breach thereof, nor can this occurrence be placed in the category of common knowledge or gross negligence. Accordingly, the judgment of the trial court in directing a verdict in favor of the defendant was correct.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.