GENEVIEVE BAKOS, Plaintiff-Appellant, *v.* ADRIAN G. RUSSELL, Defendant-Appellee.—(LEDERLE LABORATORY *et al.*, Defendants.)

First District (3rd Division)    No. 76-490

Opinion filed June 8, 1977.

540

A. J. Hardiman, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Robert B. Austin, Hugh C. Griffin, and Norman J. Lerum, II, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Genevieve Bakos, filed suit against the defendants Doctor Adrian G. Russell, Lederle Laboratory, and Hallmark Laboratories, Inc., seeking to recover for injuries which she allegedly suffered subsequent to an injection of medication supplied by the defendant laboratories and administered to her by the defendant Russell. In count III of her complaint plaintiff sought application of the doctrine of res ipsa loquitur relative to her allegation of negligence on the part of the doctor. The trial court dismissed that count of plaintiff's complaint. Pursuant to Supreme Court Rule 304 (Ill. Rev. Stat. 1975, ch. 110A, par. 304), the trial court found no just reason to delay enforcement or appeal of its order.

The facts alleged by plaintiff are as follows. On January 27, 1972, plaintiff visited the defendant doctor's office to obtain treatment for cervical pain (tenosynostis) and right shoulder pain (bursitis). Plaintiff was also experiencing vitamin B-12 and estrogen deficiencies. As treatment for the tenosynostis and bursitis, the doctor prescribed the drug aristocort. He prescribed cyanocobolamin for the vitamin B-12 deficiency and prescribed duratheelin to correct the estrogen deficiency. The doctor administered one injection containing the three drugs into plaintiff's buttocks. Approximately one hour after receiving the injection, plaintiff suffered anaphylactic shock. That is a shock accompanying anaphylaxis— a state of hypersensitivity following sensitization to a foreign protein or drug. On many occasions prior to that date, the doctor had administered this same combination to plaintiff by means of an injection. Previously plaintiff had suffered no adverse reaction following the administration of the drugs.

The drug aristocort was purchased by the doctor from Lederle Laboratory which manufactured and supplied it. He purchased the cyanocobolamin and duratheelin from Hallmark Laboratories, a

manufacturer and supplier of those drugs. The doctor made purchases from these companies every two or three months. The drugs were supplied to him in liquid form and packaged in glass vials. They were kept in the medicine cabinet in the doctor's office until used.

Initially, plaintiff's complaint alleged specific acts of negligence on the part of the doctor. The doctor denied the allegations of that complaint. Plaintiff filed an amended complaint alleging a cause of action in negligence against the laboratories. Plaintiff again amended her complaint, adding the count which alleged a cause of action in negligence against the doctor under the doctrine of res ipsa loquitur. It is the propriety of the trial court's dismissal of the res ipsa loquitur count which is the sole issue before us. The defendant laboratories are not parties to that issue or to this appeal.

In the res ipsa loquitur count, plaintiff alleged that during the injection of the drugs in question, the instrument, drugs, and medication were under the exclusive care, custody and control of the doctor. She alleged that the drugs were removed from their place of storage and placed into the hypodermic needle by the doctor and no other person had knowledge of these acts. The doctor administered the injection into plaintiff's buttocks while she was facing away from him. It is plaintiff's contention that the subsequent occurrence of anaphylactic shock speaks for itself and would not have taken place in the ordinary course of events had the doctor not negligently failed to properly care for and treat plaintiff.

■■ In Illinois, it is incumbent upon the plaintiff in a medical malpractice case to establish by expert testimony the standard of care imposed upon defendant and then to show by affirmative evidence an unskilled or negligent failure to comply with such professional criterion which resulted in any injury to plaintiff. (*Montgomery v. Americana Nursing Centers, Inc.* (1976), 39 Ill. App. 3d 315, 349 N.E.2d 516; *Estell v. Barringer* (1972), 3 Ill. App. 3d 455, 278 N.E.2d 424.) An exception to this rule occurs when it is within the common knowledge of laymen that such an injury ordinarily would not occur in the absence of negligence. (*Montgomery v. Americana Nursing Centers; Slater v. Missionary Sisters of the Sacred Heart* (1974), 20 Ill. App. 3d 464, 314 N.E.2d 715.) In such a case plaintiff need not rely upon the testimony of an expert but may invoke the doctrine of res ipsa loquitur. *Ybarra v. Cross* (1974), 22 Ill. App. 3d 638, 317 N.E.2d 621.

■■ In our judgment, plaintiff's reaction to the medication in the present case is not an occurrence which can be deemed the probable result of negligence on the part of the defendant doctor since the common knowledge and experience of laymen does not afford the requisite basis for appraisal of the occurrence. See *Comte v. O'Neil* (1970), 125 Ill. App. 2d 450, 261 N.E.2d 21.

In California, a plaintiff in a medical malpractice case may invoke the doctrine of res ipsa loquitur where it is a matter of common knowledge among laymen or medical men or both that the injury would not have occurred absent negligence. (*Salgo v. Leland Stanford Jr. University Board of Trustees* (1957), 154 Cal. App. 2d 560, 317 P.2d 170.) Notwithstanding the existence of that principle, in *Campos v. Weeks* (1966), 245 Cal. App. 2d 678, 53 Cal. Rptr. 915, the court reached a result similar to ours. There, the plaintiff was given an injection of penicillin by the defendant doctor. Prior to the injection, she had told the defendant that she had received penicillin on other occasions and had not suffered any adverse reactions. Approximately five minutes after the injection, she experienced anaphylactic shock. The *Campos* court affirmed the trial court's refusal of an instruction on res ipsa loquitur. The court based its decision on the ground that the occurrence of anaphylactic shock after the injection could have been attributable to numerous causes and that it was not within common knowledge to infer that negligent treatment by the doctor brought about such a reaction. Accord, *Trogun v. Fruchtman* (1973), 58 Wis. 2d 596, 207 N.W.2d 297; *Buchanan v. Downing* (1964), 74 N.M. 423, 394 P.2d 269; *Mogensen v. Hicks* (1961), 253 Iowa 139, 110 N.W.2d 563.

■■ Plaintiff maintains that because she had received numerous injections of the same type prior to the date in question without suffering an adverse reaction to the medication, common knowledge and experience allow an inference that the incident in question probably resulted from negligence on the part of defendant. Since the cause of plaintiff's alleged injury was the combination of medication she received as part of her treatment by the doctor, it would be unfounded speculation on the part of laymen to infer negligence on the part of the doctor. The many factors which interact to bring about a desired or adverse reaction are beyond appraisal by the average lay person.

Plaintiff relies primarily on the holding of *Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 312 N.E.2d 259, where the court held the doctrine of res ipsa loquitur applicable to a situation where plaintiff's ward suffered a foot drop as a result of an intramuscular injection in the buttocks. In reinstating that count of plaintiff's complaint the court noted that the procedure by which an intramuscular injection is administered is now commonplace. The instant case presents a significantly different question than the one before the *Edgar County* court. Plaintiff here has conceded that no causal relationship exists between the needle and syringe and her alleged injury. The anaphylactic shock which plaintiff alleged she suffered was her reaction to the medication prescribed and administered. That reaction is not an

occurrence within the common knowledge and experience of lay persons, and it requires the support of expert testimony.

Since the particular facts alleged by plaintiff do not create or justify an inference of negligence to allow her to invoke the doctrine of res ipsa loquitur, the trial court correctly dismissed that count of the complaint.

Accordingly, the order of the circuit court of Cook County is affirmed.

Order affirmed.

JIGANTI and McGILLICUDDY, JJ., concur.