Marie Veach, Plaintiff-Appellant, v. Great Atlantic &
Pacific Tea Company, Defendant-Appellee.

Term No. 59–M–1.

Fourth District.

July 9, 1959.

Released for publication July 25, 1959.

R. W. Harris, and David A. Warford, both of Marion, for plaintiff-appellant.

Feirich & Feirich, of Carbondale, for defendant-appellee.

PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

The plaintiff sued the defendant for an alleged tort which is said to have occurred in its store. The complaint consisted of two counts both referring to one certain occurrence, with no difference as to date, time, place, or parties, but with some differences in the wording of the several charges of negligence. After hearing argument on the motion of defendant, the court allowed count I to stand, but struck count II and entered a purported final judgment in bar of the "cause of action" stated in count II, with a finding of no just reason for delay in enforcement or appeal.

The defendant contends that the striking of one count of a complaint which concerns only one transaction or occurrence is not a final appealable order, and that the trial court had no right to enter a purported final order thereon. Also that this is the type of "piecemeal appeal" which the courts have always discouraged, and the statute has codified that principle.

The plaintiff relied on the theory that this appeal is authorized by Section 50(2) of the Civil Practice Act, Ch. 110, Ill. Rev. St. That section pertains to actions in which multiple parties or multiple claims are involved, and permits a final disposition of one or more but fewer than all of the parties or claims, which can be made appealable upon an express finding that there is no just reason for delay.

█ We deem it obvious that this section was designed to suppress, rather than enlarge, the scope of

180

review of parts of cases. Under former practice, it was sometimes doubtful whether the disposition of one phase of a case was final, so that the losing party had to appeal promptly or risk the loss of the right of review. Under the above section, the trial court may simply avoid making the partial disposition enforceable or appealable, thus removing all risk, so that the losing party may await final disposition of the whole case, even though, under former practice, the reviewing court might have held the right of appeal was lost by the delay.

The comment on this section in Smith-Hurd Anno. Statutes is to the effect that the sub-section adopts the policy of Rule 54(b) of the Federal Rules, and adds:

"Under subsection (2) of the former act, a judgment finally determining the rights of fewer than all of the parties or fewer than all of the claims was appealable and had to be appealed if the rights of the party against whom the judgment had been entered were to be preserved. This practice resulted in undesirable piecemeal appeals." (Citing examples.)

The policy under the federal rule has been against allowing piecemeal appeals where there is only one actual claim involved. Rule 54(b) permits separate judgments where there are separate and distinct claims based on differing occurrences or transactions. If there is only a single claim or "factual occurrence" involved, the rule cannot be invoked to confer jurisdiction upon an appellate court, and an attempted piecemeal appeal will be dismissed. Town of Clarksville, Va. v. United States, 198 F.2d 238, cert. denied, 73 S. Ct. 495, 344 U. S. 927, 97 L. Ed. 714.

Although there is no case in this state exactly in point with this case, there have been three cases in which there was no finding in the judgment that there was no just cause for delay, and these opinions contain comments relative to the case at bar. Two First Dis-

181

trict Appellate cases have dismissed such appeals with comment to the effect that, even if the trial court had made such a finding, it would have been held void when made on an interlocutory ruling which might never become important. Hawthorn-Mellody Farms Dairy, Inc. v. Elgin, J. & E. Ry. Co., 18 Ill.App.2d 154, 151 N.E.2d 393; Bieschke v. Schwitzenberg, 21 Ill.App. 2d 575, 159 N.E.2d 6.

The United States Supreme Court has held that the federal rule does not apply to a single claim action and that it is expressly limited to multiple-claim actions in which one or more but less than all of the multiple-claims have been finally decided and found otherwise to be ready for appeal. Sears, Roebuck & Co. v. Mackey, 351 U. S. 427, 100 L. Ed. 1297.

In commenting upon the above case, the Illinois Supreme Court said this of the Illinois policy: "Unquestionably it was the intention that section 50(2) should be similarly limited and we hold that it is." Ariola v. Nigro, 13 Ill.2d 200, 148 N.E.2d 787.

We entertain no doubt that this case involves only a single claim, and the trial court has simply entered an interlocutory order which may never be of any importance. The plaintiff may succeed in proving count I, and then could not have additional damages by a second trial under count II. Moreover, the Practice Act affords very liberal rights to amend, including the right to amend before or after judgment to conform the pleadings to the proofs. Sec. 46, Ch. 110, Ill. Rev. St. What may be the final form of the pleadings is not known at this time, so that a decision thereon cannot be made now.

██ Section 78 of the Practice Act permits interlocutory appeals in orders on injunctions and receivers. Other cases come under Section 77 which limits the right of review to final orders, judgments or decrees. We hold that Section 50(2) does not nullify this

law, and that when only one claim is involved, although stated in several ways, a ruling on pleadings which does not dispose of the single claim, is interlocutory, and the trial court has no authority to confer appellate jurisdiction by a finding that there is no just reason for delaying enforcement or appeal. This appeal is dismissed.

Appeal dismissed.

CULBERTSON and HOFFMAN, JJ., concur.