JAMES D. RONE, Plaintiff-Appellant, *v.* BONCAR CONSTRUCTION CO., Defendant-Appellee.

First District (2nd Division)    No. 62059

Opinion filed December 30, 1976.

2

Kamin, Stanley & Balkin, of Chicago (Frank C. Stanley, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (John J. Berwanger, Cornelius P. Callahan, and Richard E. Mueller, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

This is a negligence action to recover for personal injuries suffered by plaintiff, James D. Rone, at a sewer construction site in Hobart, Indiana.

Plaintiff appeals from a jury verdict entered in favor of defendant Boncar Construction Company on count II. Plaintiff also appeals from an order before trial striking count I of the complaint which alleged a violation by defendant of the Illinois Structural Work Act.

The basic facts of this case are undisputed. Plaintiff James D. Rone (Rone) was injured in an accident at a sewer project in Hobart, Indiana. The installation of the sanitary sewer was contracted for with the City of Hobart by a joint venture consisting of defendant Boncar Construction Company (Boncar) and Dan Raymond Construction Company (Raymond). Both companies are Illinois corporations having the same officers and sharing the same offices.

On May 6, 1970, the date of the accident, plaintiff was employed by Raymond as a line foreman. The duties of the line foreman included installation of a sewer pipe in a trench dug by a machine called a back hoe. Rone was in charge of six laborers and set general objectives and directions for laying the sewer pipe, but did not have any duty or control over the operation of the back hoe which was operated by Robert Crank, who testified that at that time he was an employee of Boncar.

On the date of the accident it was necessary to move a metal box, measuring about 10 feet by 20 feet by 6 feet and weighing about six to eight tons, about 35 feet from the trench down the alley where the sewer pipe was being laid. The box had been used for the safety of the men who work inside the box at the bottom of the trench, but was not needed that day because the ground was firm and the trench was shallow. The metal box was attached to the bucket of the back hoe (or crane) by means of cables and hooks. The back hoe operator then moved the unit backwards away from the trench. Plaintiff walked along side the back hoe directing Crank since Crank was unable to see the metal box being pulled behind the machine. As the back hoe progressed backwards it was necessary for plaintiff to signal Crank to stop because the tallest part of the hoe, the gantry, could not clear under a telephone wire crossing the alley.

When Crank idled the unit plaintiff explained the clearance problem and told him that he would climb onto the gantry and hold up the telephone wires. He then climbed on to the gantry above the cab and lifted the wires while Crank moved the back hoe about six or eight feet passing the gantry under the wire, and then stopped.

As plaintiff was attempting to get down from the gantry he was out of the vision of the operator holding on to one of the cables to steady

himself. The metal cables extend from a wheel inside the back hoe over the gantry through a sheave or cable guide out to the elbow of the hoe or bucket and back through the sheave. The cables are used to control the digging operation of the hoe. As he held onto the cable the cable moved carrying his right hand into the sheave and severing all his fingers on that hand. In an attempt to extricate himself plaintiff lost two fingers on the left hand.

Crank, the back hoe operator, testified that in order for the cable to move the operator would have to activate a certain hand lever or release the brake. He testified that he could have let up on the brake at the time plaintiff was injured allowing the weight of the boom to cause the cable to move but he definitely did not move the hand lever.

Crank testified that on the day of the accident there was no system of communication signals being used between the plaintiff and the operator.

Plaintiff filed a three count complaint. Count I alleges that defendant Boncar, its agents, servants and employees, violated provisions of the Illinois Structural Work Act (Ill. Rev. Stat. 1969, ch. 48, par. 60 *et seq.*) by wilfully failing to provide and maintain a complete and adequate system of communications between the operator and employees which proximately resulted in plaintiff's injuries.

In count II plaintiff alleges that defendant was negligent in that it failed to comply with a duty to have an adequate system of communication imposed by the Indiana Structural Work Act, commonly referred to as the Indiana Dangerous Occupation Act (5 Ind. Ann. Stat. §20—304 (Burns) which provides:

> "It is hereby made the duty of all owners, contractors, subcontractors, corporations, agents or persons whatsoever engaged * * * in the erection, repair or operation or management of any machinery, mechanism, or contrivance * * * to see and require * * * that all hoists, machinery or mechanism operated other than by hand power, are, when necessary for the safety of persons, employed in or about the same, or for the safety of the general public, provided with a system of communication by means of signals or otherwise, so that, at all times, there may be prompt and efficient communications between the employees and other persons and the operator of the motive power * * *."

Plaintiff further alleges that the violation of the above quoted statute proximately caused the injury to the plaintiff.

Count III alleges wilful and wanton negligence in violating the Indiana statutes. This count was dropped by plaintiff after the close of all the evidence and is not pertinent to this appeal.

On December 10, 1971, the trial court allowed defendant's motion to strike count I on the basis that the Illinois Structural Work Act cannot be

invoked to apply to an accident which occurred in another State. On January 7, 1972, at plaintiff's request, the order was modified and the court made a finding that there was "no just reason for delaying enforcement or appeal of this order."

After plaintiff filed a timely notice of appeal of the dismissal of count I, the appellate court on July 20, 1972, at plaintiff's request, entered an order dismissing the appeal without prejudice and remanding the cause to the circuit court for trial under counts II and III.

The parties subsequently went to trial on counts II and III and at close of all evidence a judgment was entered for defendant.

On appeal plaintiff argues that the order to strike count I entered in January, 1972, is now appealable; that the motion court erred in striking count I charging defendant with wilfully violating the Illinois Structural Work Act; that the trial court erred in not directing a finding for the plaintiff on the issue of negligence; that there should have been a finding for plaintiff of freedom from contributory negligence by reason of certain provisions of the Indiana Employers Liability Act by virtue of the joint venture agreement; that plaintiff was free from contributory negligence under Indiana common law; and that failure to give two of plaintiff's proposed instructions was error.

Plaintiff first contends that the amended order to strike count I entered on January 7, 1972, is now appealable. Illinois Supreme Court Rule 304 (Ill. Rev. Stat. 1969, ch. 110A, par. 304) states:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal."

At the outset it should be mentioned that the dismissal of the appeal "without prejudice" had the same effect as if no appeal had ever been taken. *People v. Bristow* (1945), 391 Ill. 101, 62 N.E.2d 545.

Plaintiff now argues that the dismissal of count I did not become appealable until all counts were disposed of since all counts were based on the same occurrence.

■■ ■ Clearly the mere statement of a claim in several ways by multiple counts does not warrant a separate appeal; and a trial court cannot confer appellate jurisdiction by a finding that there is no just reason for delaying enforcement or appeal. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153; *Veach v. Great Atlantic & Pacific Tea Co.* (1959), 22 Ill. App. 2d 179, 159 N.E.2d 833.) However, even though arising from the same occurrence or transaction, where the bases of recovery for the separate counts are different, the dismissal of that count is appealable because it disposes of a distinct cause of action.

(*Cunningham; Weber v. Northern Illinois Gas Co.* (1973), 10 Ill. App. 3d 625, 295 N.E.2d 41.) In *Weber* there were two counts in the complaint seeking to recover for personal injuries. Count I was founded on common law negligence and count II on the Illinois Structural Work Act. Count II was dismissed on defendant's motion. The trial court found "there is no just reason to delay enforcement or appeal of the order." The *Weber* court, citing *Cunningham* found that the order was final and appealable since counts I and II each constituted a distinct cause of action because the basis for recovery under common law negligence was different from the basis for recovery under the Illinois Structural Work Act, even though both counts arose from the same occurrence.

■■ In the instant case, count I, based on the Illinois Structural Work Act, is different from the basis of the negligence action in count II, and from the wilful and wanton theory of count III. Plaintiff waived his right to appeal the dismissal of count I by failing to perfect that appeal.

Plaintiff next contends that the trial court erred in not directing a finding for the plaintiff that defendant was negligent as a matter of law. Since the facts are essentially undisputed, plaintiff argues that but one reasonable inference can be drawn from them thereby making the question of defendant's negligence a question of law for the court. (*Livings v. City of Chicago* (1975), 26 Ill. App. 3d 850, 854, 326 N.E.2d 170.) However, the law is that where conflicting inferences may be drawn from undisputed facts, the questions of negligence, and contributory negligence are properly submitted to the jury. *Davis v. Gulf, Mobile & Ohio R.R. Co.* (1971), 130 Ill. App. 2d 988, 995, 272 N.E.2d 240.

■■ Plaintiff charges here that defendant, Boncar, was negligent in not providing a system of communications or signals for prompt and efficient communication between the plaintiff and the operator of the back hoe. The back hoe operator testified that there was no system of signals in use at the time of the accident. Plaintiff, however, testified that he directed the operator's backward movement of the back hoe and that he signalled the operator to stop so that he could talk to him about the clearance of the telephone wires. It was a question of fact for the jury to decide whether or not a system of signals was in use which would conform to the Indiana statute which required, essentially, that there be prompt and efficient communications between employees and machine operators "*when necessary for the safety of persons*" employed on or near the machinery. 5 Ind. Ann. Stat. §20—304 (Burns).

■■ It was also for the jury to decide if it was the alleged lack of signals which was the proximate cause of plaintiff's injuries. The plaintiff, after signalling the back hoe operator to stop, explained what he intended to do, climbed on top of the gantry to lift the telephone wires while the

operator moved the back hoe six or eight feet underneath and away from the wires. The back hoe operator then idled the machine. He knew plaintiff was on the gantry but could not see him since the hatch in the roof of the cab of the back hoe was closed. The operator knew he should not move the cables while plaintiff was on the gantry and he testified that he did not do so, although he testified he might have let his foot off the brake pedal permitting the weight of the boom to move the cable. From these facts it was necessary for the jury to decide whether there was a lack of signals in violation of the statute which was the proximate cause of plaintiff's injury, or if any signal system would have prevented the injury to plaintiff under these circumstances.

■■ Plaintiff next argues that there should have been a finding by the court in favor of plaintiff on the issue of contributory negligence under the Indiana Employers Liability Act by virtue of the joint venture agreement. (22 Ind. Ann. Stat. §40—1101 *et seq.* (Burns).) That Act applies only where the action is by an employee against an employer. An action under the Employers Liability Act may only be brought by an employee not subject to Workmen's Compensation as in *Crist, Inc. v. Whitacre* (1970), 147 Ind. App. 16, 258 N.E.2d 165, where a farm worker sued his employer under the Act. Plaintiff argues that since Raymond and Boncar were joint venturers the acts of one are the acts of the other. His argument continues that if he had pursued an action against his own employer, Raymond, contributory negligence and assumption of the risk would not be defenses under the statute. Consequently, it is not a defense in plaintiff's action against Boncar. The argument fails on the facts. The Indiana Employers Liability Act (22 Burns Ind. Ann. Stat. §40—1102 (Burns)) provides that an employee is not contributorily negligent when the violations of a statute (here the Indiana Dangerous Occupation Act (5 Ind. Ann. Stat. §20—301 *et seq.* (Burns))) by the employer was the cause of the injury. As we noted previously, it was for the jury to determine if that statute was violated. The court properly refused to direct the finding because contributory negligence is a jury question.

Plaintiff next argues that under Indiana common law, plaintiff was not contributorily negligent. He cites *Testa v. Kaluzny Bros.* (1974), 23 Ill. App. 3d 841, 320 N.E.2d 114, for the similarity of the facts therein with the case at bar.

While recognizing that contributory negligence is ordinarily a question of fact for the jury, in *Testa*, the Appellate Court found, as a matter of law that the plaintiff was not contributorily negligent.

In that case plaintiff was assigned with his foreman to install an overhead door at defendant's plant. Part of this assignment included placing a steel roller bar weighing 400 to 700 pounds and measuring

approximately 17 feet long and 6 inches in diameter, into an iron frame at the top of the door opening. Since there was no way the two men could have hoisted the roller bar to the top of the door without some equipment to lift it, Kaluzny, an officer and employee of defendant company, agreed to allow the use of the defendant's forklift and operated the forklift himself. Kaluzny, using the forklift, placed the roller bar on a large platform with side rails. Plaintiff stepped onto the platform to hold the bar in place. Kaluzny had raised the platform with roller bar and plaintiff on it about six to ten feet when the forklift collapsed and plaintiff was injured. Upon later inspection it was determined that the forklift collapsed not because of the weight of the platform, roller bar and plaintiff but rather because a bearing had come loose.

The *Testa* case is distinguishable from the case at bar in that, there, the court found that the danger plaintiff could have foreseen as inherent in riding the forklift, such as the roller bar moving on the platform, did not cause his injuries. The forklift collapsed under a weight much lower than the usual weights it raised because a part of the machine was missing. The court in *Testa* found that while plaintiff may have been negligent in climbing on the forklift, that negligence did not contribute to his injuries.

> "[He was] justified in assuming the forklift was safe and would not likely collapse. He had no reason to anticipate any danger from that source before or after he assumed his position on the lift. His conduct therefore, even assuming *arguendo* it was negligent, cannot legally be considered a cause of his injury." *Testa*, at 846.

■■ In the instant case it is not so clear whether or not the actions of plaintiff in climbing on the back hoe and in grasping the cable to descend contributed to his injuries. There was evidence that there were alternate methods available to him which would not require his climbing onto the gantry such as cutting the telephone wires or raising the wires with a 4 x 6 or a clothes pole. Also he could have held the rail of the gantry instead of the movable cable to steady himself as he climbed down. We believe that whether or not this conduct constituted contributory negligence was a question properly submitted to the jury.

■■ Finally, plaintiff argues that the court erred in failing to give two of plaintiff's tendered instructions. Plaintiff alleges that failure to give his instruction No. 4 regarding the agency relationship between defendant and Raymond denied plaintiff a fair trial. Plaintiff states that his theory was that defendant and Raymond were agents of one another and were both "to blame" for the injury to plaintiff. He then states, without explaining, that refusing the agency instruction effectively denied the theory and deprived him of a fair trial. We do not believe that the theory was denied or any error committed in refusing this instruction.

The court stated that instruction No. 7 which stated that more than one person may be to blame for causing an injury was refused because of duplicity and "undue emphasis." We believe the points stated in both these instructions were adequately stated in other instructions. We do not find it error to have refused these instructions.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.