HILDA PRADO, Plaintiff-Appellant, *v.* EVANSTON HOSPITAL *et al.*, Defendants-Appellees.—(BERKLEY BIO-ENGINEERING, INC., Defendant.)

First District (5th Division)   No. 78-903

Opinion filed May 18, 1979.

Goldman and Hesser, of Chicago (Dennis Hesser, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Harold J. Jacobson, David J. Slawkoski, and Hugh C. Griffin, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff appeals from an order dismissing two counts of her amended complaint against defendants, Evanston Hospital and Dr. Theodore Geise. She originally brought suit on August 10, 1977, against defendants, Evanston Hospital, Dr. Giese and Berkley Bio-Engineering, Inc. (Berkley), for injuries she sustained when a suction curet broke during an attempted dilation and evacuation of her uterus. This complaint was dismissed as to Evanston Hospital and Dr. Giese on October 6, 1977. On October 27, 1977, plaintiff filed a six-count amended complaint against the same defendants. Counts I and III alleged specific acts of negligence against Evanston Hospital and Dr. Giese, respectively. Counts II and IV alleged a cause of action against the hospital and Dr. Giese, respectively, under the doctrine of *res ipsa loquitur*. Counts V and VI alleged specific acts of negligence and a cause in strict products liability against Berkley, the manufacturer and distributor of the broken suction curet.

Defendants, Evanston Hospital and Dr. Giese, answered and moved to strike counts II and IV for failing to state a proper case for *res ipsa loquitur*. On February 9, 1978, an order was entered striking counts II and IV. Plaintiff's motion to reconsider the order was denied on March 7, 1978,

by an order which included a finding that it was "final and appealable and there shall be no just cause for delay of said appeal." Plaintiff now appeals from the order of February 9, 1978. We dismiss the appeal.

OPINION

■■■ It is our duty to first determine whether we have jurisdiction in the subject matter of this appeal before addressing the merits. (*In re Organization of Fox Valley Community Airport Authority* (1974), 23 Ill. App. 3d 168, 318 N.E.2d 496; *Artoe v. Illinois Bell Telephone Co.* (1975), 26 Ill. App. 3d 483, 325 N.E.2d 698.) Even though not raised by the parties, if jurisdiction is lacking, this court may dismiss the appeal on its own motion. (*Weber v. Northern Illinois Gas Co.* (1973), 10 Ill. App. 3d 625, 295 N.E.2d 41; *Cohen v. Sterling Nursing Home, Inc.* (1978), 57 Ill. App. 3d 162, 372 N.E.2d 934.) A judgment or order must be final for the appellate court to have jurisdiction over the appeal. (Ill. Rev. Stat. 1977, ch. 110A, par. 301.) Supreme Court Rule 304 (Ill. Rev. Stat. 1977, ch. 110A, par. 304) governs appeals from orders which do not dispose of an entire proceeding. That rule provides in pertinent part:

> "(a) Judgments As To Fewer Than All Parties or Claims— Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (Ill. Rev. Stat. 1977, ch. 110A, par. 304.)

Although the order appealed from included the special finding required by Rule 304, this fact cannot confer appellate jurisdiction if the order is not in fact final. (*Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 344 N.E.2d 461; *Smith v. Interstate Fire & Casualty Co.* (1977), 47 Ill. App. 3d 555, 362 N.E.2d 38; *Rone v. Boncar Construction Co.* (1976), 45 Ill. App. 3d 1, 358 N.E.2d 1315.) An order is final if it either terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate branch thereof. (*Smith v. Interstate Fire & Casualty Co.*; *Cohen v. Sterling Nursing Home, Inc.*) An order is not final if the court retains

jurisdiction for future determination of matters of substantial controversy. *Smith v. Interstate Fire & Casualty Co.*

■ The question in the instant appeal is whether the order of February 9 disposed of the rights of any of the parties on any branch of the action. This action involves a single claim stemming from one occurrence, brought against several defendants. The statement of a single claim in several ways, by multiple counts, does not warrant a separate appeal upon dismissal of one of the counts. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153; *Veach v. Great Atlantic & Pacific Tea Co.* (1959), 22 Ill. App. 2d 179, 159 N.E.2d 833.) However, where the bases of recovery for separate counts are different, dismissal of a count is appealable because it disposes of a distinct cause of action. *Cunningham v. Brown; Rone v. Boncar Construction Co.*

■ Here, the four counts against Dr. Giese and Evanston Hospital were predicated on the same theory or basis of recovery, namely, negligence. The only difference in the counts was that two alleged specific acts of negligence against each defendant, respectively, while the others attempted to state an action in *res ipsa loquitur. Res ipsa loquitur* is an exception to the general rule which governs the burden of proof (*Ybarra v. Cross* (1974), 22 Ill. App. 3d 638, 317 N.E.2d 621) and allows an inference or presumption of negligence to be raised by circumstantial evidence. (*Metz v. Central Illinois Electric & Gas Co.* (1965), 32 Ill. 2d 446, 207 N.E.2d 305; see 58 Am. Jur. 2d *Negligence* §475 (1971).) It is a rule of evidence and not a separate theory of recovery. See 58 Am. Jur. 2d *Negligence* §516 (1971).

■ Since recovery under both counts against the respective defendants was based on their negligence, the dismissal of the *res ipsa loquitur* counts did not determine the merits of a separate cause of action or terminate any litigation. The dismissal merely determined whether plaintiff would benefit from the inference of negligence allowed by the doctrine.

Dr. Giese and Evanston Hospital are still defendants to the suit below and plaintiff may recover on the remaining counts which allege specific acts of negligence. In that event, a second recovery for the same injury under *res ipsa* could not be permitted and the propriety of the dismissal of those counts would be moot. If plaintiff does not recover below, the order of February 9 may be challenged on appeal with any other issues.

At oral argument, defendants cited *Bakos v. Russell* (1977), 49 Ill. App. 3d 539, 364 N.E.2d 581, as an appeal involving a similar order and in which the appellate court dealt with the merits of the appeal. However, neither the finality nor appealability of the order was considered and therefore *Bakos* is not dispositive in the instant case.

Both parties cite *Walker v. Rumer* (1977), 51 Ill. App. 3d 1005, 367 N.E.2d 158, *aff'd* (1978), 72 Ill. 2d 495, 381 N.E.2d 689, relative to the

applicability of *res ipsa loquitur* to the instant case. The order in that case similarly dismissed the *res ipsa* counts leaving counts of specific negligence. There, the appellate court granted a permissive appeal of the interlocutory order pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308). The instant order is similarly interlocutory and we therefore conclude it is not final and appealable.

Accordingly, this appeal is dismissed.

Dismissed.

LORENZ and WILSON, JJ., concur.