WINDOLYN J. HULL, Adm'r of the Estate of Ernest Hull, Deceased, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (5th Division)   No. 87—0938

Opinion filed December 24, 1987.

Philip F. Maher, of Chicago (Michael W. Rathsack, of counsel), for appellant.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Joseph A. Moore, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff, Windolyn J. Hull, administrator of the estate of Ernest Hull, appeals from an order dismissing 11 of 12 subparagraphs of her complaint charging defendant, the City of Chicago (the City), with

negligence. For the reasons hereinafter stated, we dismiss the appeal for lack of a final, appealable order.

Plaintiff's decedent, Ernest Hull, was killed as a result of an accident which occurred in the 4900 block of South Lake Shore Drive on September 28, 1979, when a southbound vehicle driven by Robert Drain crossed the median and collided with Hull's northbound vehicle. Plaintiff's second amended complaint contained two counts: count I alleged that the City was negligent in maintaining and repairing the roadway where the accident occurred. Paragraph 7 of count I described the negligent acts or omissions in 12 separate subparagraphs. Count II alleged that the action survived by virtue of the survivorship statute. Ill. Rev. Stat. 1985, ch. 110½, par. 27—6.

On defendant's motion, the circuit court, on January 20, 1987, dismissed subparagraphs (b) through (l) of paragraph 7 of each count. Subparagraph (a), which alleged that defendant was negligent in permitting a chunk or block of concrete to remain on the southbound lanes of the roadway, was not dismissed. Plaintiff's motions for reconsideration and rehearing were denied on February 18, 1987, and March 19, 1987. On March 26, 1987, the court made an express finding that the order entered on March 19, 1987, denying plaintiff's motion for a rehearing on her motion to reconsider, was "final and appealable" and that "there is no just cause to delay enforcement or appeal." This appeal followed.

■ An order is final and thus appealable if it either terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate branch thereof. (*Village of Burnham v. Cook* (1986), 146 Ill. App. 3d 124, 126, 496 N.E.2d 1034.) Thus, the question in this appeal is whether the order of January 20, 1987, disposed of the rights of the parties on any branch of the action. In our judgment, it did not.

■ Plaintiff's action involves a single claim of negligence against one defendant. Although paragraph 7 of plaintiff's complaint alleged various negligent acts or omissions, only one theory of recovery was advanced—negligence. The statement of a single claim in several ways, by multiple subparagraphs, does not warrant a separate appeal upon dismissal of less than all of those subparagraphs. (*Prado v. Evanston Hospital* (1979), 72 Ill. App. 3d 622, 625, 390 N.E.2d 1270.) Thus, the dismissal of subparagraphs (b) through (l), which left subparagraph (a) standing, did not determine the merits of a separate cause of action or terminate any litigation between the parties. The order of dismissal merely determined which allegations of negligence would be allowed to remain. The order was not final and appealable.

72 Ill. App. 3d at 624-25.

■■ The Rule 304(a) (107 Ill. 2d R. 304(a)) finding of March 26, 1987, did not make the order of dismissal final and appealable because the rule is intended to apply only where multiple claims or parties are involved. It is not designed to permit appeals from orders that dispose of less than all of the issues in an action involving a single party and a single claim. *Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 1021, 369 N.E.2d 188.

For the foregoing reasons, we dismiss plaintiff's appeal.

Appeal dismissed.

LORENZ and MURRAY, JJ., concur.