DUQUETTE T. RICE, Adm'r of the Estate of Rose M. Rice, Deceased, Plaintiff-Appellant, v. ROSITA BURNLEY, Adm'r of the Estate of William Robert Burnley, Deceased, Defendant (The Pyramid Condominiums Association *et al.*, Defendants-Appellees).

First District (5th Division)   No. 1—90—1480

Opinion filed June 19, 1992.—Rehearing denied July 15, 1992.

John J. Corbett, of Chicago, for appellant.

O'Connor, Schiff & Myers, of Chicago, for appellee A. Barasch Enterprises, Ltd.

Tressler, Soderstrom, Maloney & Priess, of Chicago, for other appellees.

JUSTICE GORDON delivered the opinion of the court:

Plaintiff Duquette T. Rice appeals from the trial court's order dismissing four counts of her 10-count fourth amended complaint in this wrongful death and survival action. Plaintiff contends that the trial court erred in holding that defendants The Pyramid Condominiums Association (the Association) and A. Barasch Enterprises, Ltd., the managing agent, could not be liable for failing to ensure the installation and operation of smoke detectors in individual dwelling units. Plaintiff further contends that the trial court erred in holding that the Association and Barasch could not be held liable under the doctrine of *res ipsa loquitur.* The Association, in addition to arguing that the trial court properly dismissed the four counts, argues that this appeal must be dismissed because this court does not have jurisdiction to hear an appeal of the dismissed counts under Rule 304(a), under

which this appeal is brought. (134 Ill. 2d R. 304(a).) We agree, and dismiss this appeal.

FACTS

Defendant Rosita Burnley's decedent, William Robert Burnley, owned unit 1A in the Pyramid Condominiums, located at 925 West Carmen Avenue in Chicago. The Association was a duly organized, not-for-profit corporation authorized to act for and on behalf of the unit owners of the Pyramid Condominiums. The defendant board of managers was the body responsible for the maintenance, administration, management, operation and use of the property. Defendant A. Barasch Enterprises, Ltd., was a corporation engaged in the business of property management, including the management of the Pyramid Condominiums.

On January 19, 1985, plaintiff's decedent was an overnight social guest at the condominium of defendant Burnley's decedent. A fire occurred in or near unit 1A in the early morning hours of January 19, and a large amount of smoke was emitted. Plaintiff's decedent died from lung damage from inhaled smoke and soot, asphyxiation and severe burns suffered as a result of the fire.

Plaintiff's initial complaint in four counts was filed on January 16, 1987. On September 9, 1987, the original complaint was ordered stricken with leave to amend. A first amended complaint, filed in October 1987, also included four counts. Two counts were ordered stricken without leave to amend while two were stricken with leave to amend.

Plaintiff's second amended complaint was comprised of eight counts and was filed in October 1988. Defendants' motions to dismiss were granted and plaintiff was granted leave to amend. The third amended complaint in 10 counts was filed in July 1989. Six counts were stricken and plaintiff was granted leave to file a fourth amended complaint, which she did on March 7, 1990, and which is the subject of this appeal.

The fourth amended complaint included 10 counts. In count I, a wrongful death claim, plaintiff alleged that William Burnley was negligent in failing to install and maintain a smoke detector in his condominium unit. Count II, also a wrongful death claim, was brought against the defendants other than Burnley and alleged negligence in failing to install and maintain smoke detectors in the common areas of the condominium building.

Count III was a survival action brought against defendant Burnley. This count's allegations of negligence were the same as those

made against Burnley in count I. Count IV was also a survival action, but against all defendants other than Burnley, and alleged the same negligent acts as in count II.

Counts V and VI were brought under a theory of *res ipsa loquitur*. Count V was a wrongful death action against Burnley, and count VI was a survival action against Burnley.

Count VII was brought under the wrongful death act, against all defendants other than Burnley. This count alleged negligence for failure to ensure the installation and maintenance of smoke detectors in Burnley's condominium unit, 1A. Count VIII alleged the same negligent failure as did count VII against the same defendants, but was brought under the survival statute.

Counts IX and X were brought against all defendants other than Burnley and were based upon a theory of *res ipsa loquitur*. These counts complained of the defendants' failure to install and maintain smoke detectors in the common areas of the condominium building. Count IX was brought under the Wrongful Death Act (Ill. Rev. Stat. 1989, ch. 70, pars. 1, 2), while count X was under the Survival Act (Ill. Rev. Stat. 1989, par. 110½, par. 27—6).

The Association and Barasch filed motions to dismiss counts VII through X pursuant to section 2—615 (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). The motion was granted on April 18, 1990, in an order which provided there was "no just reason for delaying enforcement or appeal" of the order. This appeal followed.

OPINION

Prior to considering the merits of plaintiff's arguments on appeal, we must address the question of our jurisdiction. (*Prado v. Evanston Hospital* (1979), 72 Ill. App. 3d 622, 390 N.E.2d 1270.) A judgment or order must be final for the appellate court to have jurisdiction over an appeal. (134 Ill. 2d R. 301; *Prado v. Evanston Hospital*, 72 Ill. App. 3d at 624.) A final order is one which "either terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate branch thereof." (*Hull v. City of Chicago* (1987), 165 Ill. App. 3d 732, 733, 520 N.E.2d 720. See also *Freeman v. White Way Sign & Maintenance Co.* (1980), 82 Ill. App. 3d 884, 403 N.E.2d 495.) When an order does not dispose of an entire proceeding, appeals are governed by Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), which provides in part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only

if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal."

Although Rule 304(a) permits appeals from orders which do not dispose of an entire proceeding, the fact that an order contains the requisite Rule 304(a) language does not make a nonfinal order appealable. (*Arachnid, Inc. v. Beall* (1991), 210 Ill. App. 3d 1096, 1103, 569 N.E.2d 1273; *Prado v. Evanston Hospital*, 72 Ill. App. 3d at 624.) Thus, the question becomes whether the order dismissing counts VII through X of plaintiff's fourth amended complaint disposed of the rights of the parties on a separate branch of the controversy. We conclude that it did not.

■ An order disposes of a separate branch of a controversy when the bases for recovery of the counts which are dismissed are different from those which are left standing. (*Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 348, 459 N.E.2d 935; *Freeman v. White Way Sign & Maintenance Co.*, 82 Ill. App. 3d at 890-91.) This may occur when the grounds for recovery under the various counts arise from different statutes or common law doctrines or when different elements are required to recover under different theories. (*Heinrich v. Peabody International*, 99 Ill. 2d 344, 459 N.E.2d 935.) Where the bases of recovery for separate counts are different, dismissal of a count will be appealable, assuming the requisite Rule 304(a) finding has been made, because the dismissal disposes of a distinct branch of the controversy. (*Prado v. Evanston Hospital*, 72 Ill. App. 3d at 625.) However, the statement of a single claim, even in separate counts, does not warrant a separate appeal upon dismissal of one of the counts. (*Arachnid, Inc. v. Beall*, 210 Ill. App. 3d 1096, 569 N.E.2d 1273; *Freeman v. White Way Sign & Maintenance Co.*, 82 Ill. App. 3d 884, 403 N.E.2d 495; *Prado v. Evanston Hospital*, 72 Ill. App. 3d 622, 390 N.E.2d 1270.) We must, therefore, examine the counts against these defendants which were dismissed and those which remain standing to determine if they comprise separate claims.

The case of *Hull v. City of Chicago* (1987), 165 Ill. App. 3d 732, 520 N.E.2d 720, is on point. There the plaintiff's two-count complaint alleged various negligent acts or omissions by way of 12 separate subparagraphs in each count. The trial court dismissed 11 of the 12 subparagraphs of each count, and plaintiff appealed. The appellate court determined that plaintiff's action involved a single claim of negligence. Although the plaintiff had stated her claim in several ways, by multiple subparagraphs, the complaint advanced only one theory of recovery—negligence. As a result, the court concluded that the dismissal of 11 of the 12 subparagraphs "did not determine the merits of

a separate cause of action or terminate any litigation between the parties. The order of dismissal merely determined which allegations of negligence would be allowed to remain." *Hull v. City of Chicago*, 165 Ill. App. 3d at 733.

■ It is of no consequence that plaintiff here has split her claim of negligence into separate counts rather than subparagraphs as in *Hull*. The statement of a single claim in multiple counts does not warrant a separate appeal upon the dismissal of one count. (*Cunningham v. Brown* (1961), 22 Ill. 2d 23, 174 N.E.2d 153; *Freeman v. White Way Sign & Maintenance Co.*, 82 Ill. App. 3d at 890.) Here, counts II and IV, which are still viable, allege negligence for these defendants' failure to have smoke detectors in the common areas of the condominium building. Counts VII and VIII, which were dismissed, also alleged negligence, albeit based on different acts or omissions, for defendants' failure to ensure that there were smoke detectors in Burnley's condominium unit. As in *Hull*, the plaintiff here has advanced only one theory of recovery—negligence. For the plaintiff to recover under either counts II and IV or the dismissed counts VII and VIII, she must establish the same elements: duty, breach, and injury proximately resulting from the breach. (Compare *Freeman v. White Way Sign & Maintenance Co.*, 82 Ill. App. 3d at 891 (determination that separate claims existed based on comparison of elements necessary to establish a proper claim; claims of negligence and strict products liability constituted separate and distinct causes of action since different elements necessary to establish a proper claim in negligence action as opposed to a strict products liability action).) While the dismissed counts and the remaining counts deal with different acts or omissions, they advance the same theory of recovery—namely, negligence—and accordingly we conclude that the dismissal of counts VII and VIII did not determine the merits of a separate claim, and therefore is not a final order. See *Hull v. City of Chicago*, 165 Ill. App. 3d 732, 520 N.E.2d 720.

Counts IX and X, which were dismissed, are based upon the theory of *res ipsa loquitur* and concern these defendants' failure to have smoke detectors in the common areas. *Res ipsa loquitur*, however, is not a distinct theory of recovery, but a rule of evidence applicable to a theory of negligence. (*Prado v. Evanston Hospital*, 72 Ill. App. 3d at 625. See also *Russell v. Good Shepherd Hospital* (1991), 222 Ill. App. 3d 140, 583 N.E.2d 672, relying on *Prado*.) "[T]he dismissal of the counts based on that theory of evidence [*res ipsa loquitur*] did not determine the merits of a separate cause of action (*i.e.*, one for negli-

gence) as that cause of action (negligence) was still pending ***."
*Russell v. Good Shepherd Hospital,* 222 Ill. App. 3d at 144.

In view of the fact that the four dismissed counts advance the same theory of recovery as do two of the remaining counts, the order of dismissal cannot be considered a final order and therefore is not appealable and we are without jurisdiction to consider this appeal.

Accordingly, for all of the above reasons, this appeal is dismissed.

Appeal dismissed.

McNULTY, P.J., and MURRAY, J., concur.