# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *Wilson v. Edward Hospital*, 2012 IL 112898

---

| | |
|---|---|
| Caption in Supreme Court: | BRANDON WILSON *et al.*, Appellants, v. EDWARD HOSPITAL *et al.* (Edward Hospital, Appellee). |
| Docket No. | 112898 |
| Filed | December 13, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A partial summary judgment that defendant doctors were not defendant hospital's actual agents was not a *res judicata* bar when, after a voluntary dismissal, the complaint was refiled to allege apparent agency—no violation of the rule against claim splitting. |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Du Page County, the Hon. Hollis L. Webster, Judge, presiding. |
| Judgment | Appellate court judgment reversed.<br>Cause remanded. |

Counsel on
Appeal

Michael W. Rathsack, of Chicago (Michael P. Cogan, of counsel), for appellants.

Mary N. Nielsen and Hugh C. Griffin, of Hall, Prangle & Schoonveld, LLC, of Chicago, for appellee.

Justices

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiffs, Brandon Wilson and Daphne Wilson, brought an action for medical malpractice in the circuit court of Du Page County against defendant Edward Hospital, two doctors and their practice groups, and a nurse for injuries allegedly caused to Brandon during surgery to repair a broken leg. Pertinent to this appeal, plaintiffs alleged that the two doctors were agents of the hospital. The trial court granted partial summary judgment to the hospital on the ground that the two doctors were not the hospital's actual agents. The court found a question of fact to exist as to whether the doctors were the hospital's apparent agents. Plaintiffs voluntarily dismissed their complaint. Subsequently, they refiled their complaint, alleging that the doctors were the hospital's apparent agents. The hospital moved to dismiss on the grounds that the trial court's earlier finding that the doctors were not the hospital's actual agents was a final judgment on the merits and that *res judicata* therefore barred the refiled action. The trial court denied the motion, but certified a question to the appellate court pursuant to Supreme Court Rule 308 (eff. Feb. 1, 1994) on the issue of whether actual agency and apparent agency are separate claims for purposes of *res judicata* and the prohibition against claim-splitting, thereby barring the refiling of the complaint based on apparent agency. The appellate court answered the certified question in the affirmative. 2011 IL App (2d) 110085-U. This court granted plaintiffs leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

¶ 2                                BACKGROUND

¶ 3 In 2003, plaintiff Brandon Wilson, who was then a minor, broke his right femur in an automobile accident. He was taken to defendant Edward Hospital, where surgery was performed to repair the fractured bone. During surgery, Brandon aspirated vomit into his lungs, causing cardiac arrest which resulted in an anoxic brain injury.

¶ 4 In 2004, Brandon and his mother, Daphne, filed a complaint for medical malpractice. Their complaint alleged that the surgery was not of an emergency nature and that the doctors were negligent in failing to provide for a sufficient period of fasting prior to performing

surgery on Brandon. Plaintiffs alleged that all persons working at the hospital were employees and/or agents of the hospital. In a single count of their second amended complaint, plaintiffs alleged that each of the defendant doctors was an "agent in law or in fact" of the hospital and that the hospital was liable for the wrongful acts and omissions of the doctors. The hospital filed a motion for partial summary judgment, arguing that the doctors were neither its actual nor its apparent agents. The trial court granted partial summary judgment on the ground that the doctors were not actual agents of the hospital. The court found that a question of fact existed as to whether the doctors were the apparent agents of the hospital. In 2009, plaintiffs voluntarily dismissed their complaint pursuant to section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2008)). One year later, plaintiffs refiled their action. In their third amended complaint, they alleged, as to the hospital, that both doctors acted as apparent agents of the hospital. The hospital moved to dismiss, citing this court's decision in *Hudson v. City of Chicago*, 228 Ill. 2d 462 (2008). The hospital argued that plaintiffs' refiled action was barred by *res judicata* because (1) a final judgment on the merits was rendered on plaintiffs' actual agency claim; (2) the causes of action against the hospital pleaded in the original and refiled actions are identical; and (3) there is an identity of parties. Thus, according to the hospital, since *res judicata* bars every matter that might have been raised or determined in the first action, plaintiffs' apparent agency claims were barred.

¶ 5        The trial court denied the hospital's motion to dismiss but granted its motion for an order certifying the following question of law under Rule 308:

"Are actual agency and apparent agency separate claims for purposes of the *res judicata* doctrine and the prohibition against claim-splitting set forth by the Supreme Court in *Hudson v. City of Chicago*, 228 Ill. 2d 462 (2008) and *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325 (1996), so that a summary judgment entered on the actual agency claims in plaintiff's initial suit bars plaintiff's apparent agency claims in this refiled suit, even in the face of a ruling that there is a question of fact as to the apparent agency claims?"

¶ 6        The appellate court answered the certified question in the affirmative, holding that actual agency and apparent agency are separate claims subject to the bar of *res judicata* and the prohibition against claim-splitting. In doing so, the appellate court followed *Rein* and *Hudson* and an appellate decision, *Williams v. Ingalls Memorial Hospital*, 408 Ill. App. 3d 360 (2011). The appellate court here rejected plaintiffs' argument that they had only a single claim for negligence based upon vicarious liability that was supported in different ways by allegations of actual agency and apparent agency. It also rejected their argument that the trial court's determination that as a matter of law, the doctors were not the actual agents of the hospital, did not affect the unitary nature of the negligence claim. 2011 IL App (2d) 110085-U.

¶ 7                                              ANALYSIS

¶ 8        A certified question under Rule 308 presents a question of law, which we review *de novo*. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 439 (2010).

¶ 9        The issue before us is whether *res judicata* and the prohibition against claim-splitting bar plaintiffs' refiled action due to the trial court's order granting partial summary judgment in the first action on plaintiffs' allegation that the defendant doctors were actual agents of the hospital. The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction acts as an absolute bar to a subsequent action between the same parties or their privies involving the same claim, demand, or cause of action. The bar extends not only to all matters that were actually decided but also to those matters that could have been decided in the prior action. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389 (2001); *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998). Three requirements must be met for *res judicata* to apply: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) identity of cause of action; and (3) identity of parties or their privies. *DeLuna v. Treister*, 185 Ill. 2d 565, 572 (1999).

¶ 10       A cause of action is defined by the facts that give rise to a right to relief. Though one group of facts may give rise to a number of different theories of recovery, there remains a single cause of action. *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 295 (1992).

> " 'If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action asserted and *res judicata* bars the latter action.' " *Id.* (quoting *Morris v. Union Oil Co. of California*, 96 Ill. App. 3d 148, 157 (1981)).

¶ 11       In holding that *res judicata* barred plaintiffs' refiled suit, the appellate court relied on two decisions of this court, *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325 (1996), and *Hudson v. City of Chicago*, 228 Ill. 2d 462 (2008). In *Rein*, the plaintiffs' complaint alleged fraudulent misrepresentation concerning the nature of certain securities sold to the plaintiffs. Their complaint sought recovery under a variety of theories, including common law fraud and rescission. The trial court granted the defendants' motion to dismiss the rescission counts of the complaint on statute of limitations grounds. The trial court denied the plaintiffs' motion for leave to amend their complaint to allege equitable estoppel and declined to make a finding under Supreme Rule 304(a) to allow plaintiffs to appeal. The plaintiffs thereafter voluntarily dismissed the remaining counts of their complaint and appealed the dismissal of the rescission counts. The appellate court affirmed the dismissal. *Rein*, 172 Ill. 2d at 329-30. The plaintiffs subsequently refiled their action against the defendants. The complaint in the refiled action was virtually identical to the prior complaint, the only material difference being that the rescission counts alleged that the defendants were equitably estopped from raising defenses based on the statutes of limitation and repose. The defendants filed a motion to dismiss the complaint on *res judicata* grounds. The trial court granted the motion. *Id.* at 331-32. The appellate court affirmed, holding that the dismissal of the rescission counts of the first complaint was a final judgment on the merits and that the plaintiffs had a single cause of action because the same set of facts gave rise to both the rescission and common law fraud counts. Thus, the appellate court concluded that the plaintiffs had violated the rule against claim-splitting by attempting to litigate the rescission and common law counts in separate suits. *Id.* at 332-33.

¶ 12       This court affirmed. The court initially concluded that the dismissal of the rescission

counts was a final judgment on the merits under Supreme Court Rule 273. Thus, the final judgment on those counts would bar subsequent actions involving the same claims or demands. *Id.* at 335-36. The court rejected the plaintiffs' argument that because there was no identity of cause of action between the two suits, *res judicata* could not bar the common law counts. The court noted that the two complaints raised the same theories of recovery and that there was a single set of operative facts common to both suits, *i.e.*, that the defendants fraudulently misrepresented the nature of securities they sold to the plaintiffs. Since the same set of facts was necessary to maintain and prove both cases, the causes of action were identical for purposes of *res judicata*. The principle that *res judicata* prohibits a party from later seeking relief on the basis of issues that might have been raised in the prior action also prevents a litigant from splitting a single cause of action into more than one proceeding. Thus, since the plaintiffs could have litigated the common law counts in the first action, the claims were barred by *res judicata*. *Id.* at 339-40. The rule against claim-splitting is founded on the premise that litigation should have an end and that no person should unnecessarily be harassed with a multiplicity of lawsuits. The court noted that exceptions to the rule against claim-splitting exist, but that none of the exceptions applied to the plaintiffs' case. *Id.* at 340-41.

¶ 13 This court in *Rein* also rejected the plaintiffs' argument that sections 2-1009 and 13-217 of the Code gave them an absolute right to refile the voluntarily dismissed counts. The court stated that these statutory sections should not be read to automatically immunize a plaintiff against the bar of *res judicata* or other legitimate defenses a defendant may raise in response to a refiled action. Accepting the plaintiffs' argument would undermine the public policy underlying *res judicata*, which is to protect the defendant from harassment and the public from multiple litigation. In addition, plaintiffs would be able to circumvent a trial court's refusal to make a Rule 304(a) finding, thus emasculating the rule. *Id.* at 342-43.

¶ 14 Subsequently, this court found *Rein* controlling in *Hudson v. City of Chicago*, 228 Ill. 2d 462 (2008). There, the plaintiffs filed a complaint against the municipal defendants, alleging negligence and willful and wanton misconduct in responding to an emergency call regarding their son. The defendants moved to dismiss the negligence count, claiming immunity. The trial court granted the motion and dismissed the negligence count with prejudice. Thereafter, the trial court granted the plaintiffs' motion for voluntary dismissal of the willful and wanton misconduct count. The plaintiffs later refiled their action, alleging one count of willful and wanton misconduct. The trial court granted the defendants' motion to dismiss on the basis that the refiled action was barred by *res judicata*. The appellate court affirmed. *Id.* at 464-65.

¶ 15 This court rejected the plaintiffs' argument that *res judicata* did not apply because there was no adjudication on the merits of the willful and wanton misconduct count. This court noted that the trial court had dismissed the negligence count and that an involuntary dismissal under Rule 273, other than for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication on the merits. Once the voluntary dismissal was entered, the original action was terminated and all final orders became immediately appealable. *Id.* at 467-68. The court found *Rein* to be directly applicable and, after applying *Rein*'s analysis, concluded that the plaintiffs' refiled action was barred by *res judicata*. *Id.* at 473-74.

¶ 16     The appellate court here also relied on *Williams*. In that case, the appellate court was presented with two certified questions. One question asked whether the plaintiff's refiled action was barred by *res judicata* where summary judgment was entered in the original action against the plaintiff on an allegation that the defendant doctor was the apparent agent of the defendant hospital and the plaintiff thereafter voluntarily dismissed the remainder of the case. *Id.* at 363. After the plaintiffs refiled their action, the defendants sought summary judgment on *res judicata* grounds. The trial court denied the motion. In denying the defendants' motion to reconsider, the trial court noted that the order in the first action, prepared by the defendants, only addressed the apparent agency issue and made no finding on actual agency. Thus, the trial court opined that apparent agency was an alternative theory for *respondeat superior* liability of the hospital and not a distinct claim. *Id.* at 367. The appellate court disagreed, concluding that vicarious liability based on apparent agency is a distinct claim and theory of recovery necessitating different elements of proof from *respondeat superior* liability based on employment or actual agency. Thus, the grant of summary judgment was a final order that disposed of a definite and separate portion of the controversy. The court nonetheless found that the plaintiffs were not barred from bringing their refiled action, invoking an exception to the rule against claim-splitting due to the defendants' failure to move for summary judgment on the actual agency claim. *Id.* at 374.

¶ 17     We now turn to the issue in this case. Plaintiffs argue that there is only one cause of action against the hospital in this case, that of negligence based upon vicarious liability, and proving that the doctors were agents of the hospital is just one step in the process of establishing the hospital's liability. Plaintiffs note that they must also prove that the doctors violated the standard of care and that plaintiffs were injured as a result of that violation. According to plaintiffs, agency is not in itself a cause of action; rather, it is an element of proof that they must establish. The hospital argues that actual agency and apparent agency are separate and distinct causes of action. In its brief, the hospital argues that there are fundamental differences between actual agency and apparent agency. Each involves different elements of proof and they are separate and distinct stand-alone theories of recovery.

¶ 18     To prove that the hospital is liable for the actions and omissions of the allegedly negligent doctors, plaintiffs were required to prove that the doctors were either the actual agents or the apparent agents of the hospital. Proof of actual agency, or *respondeat superior*, requires a showing that (1) a principal/agent, master/servant, or employer/employee relationship existed; (2) the principal controlled or had the right to control the conduct of the alleged employee or agent; and (3) the alleged conduct of the agent or employee fell within the scope of the agency or employment. See *Oliveira-Brooks v. Re/Max International, Inc.*, 372 Ill. App. 3d 127, 134 (2007). To establish apparent agency, a plaintiff must prove that (1) the principal or its agent acted in a manner that would lead a reasonable person to conclude that the individual who was alleged to be negligent was an employee or agent of the principal; (2) the principal had knowledge of and acquiesced in the acts of the agent; and (3) the plaintiff acted in reliance upon the conduct of the principal or its agent, consistent with ordinary care and prudence. *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 525 (1993).

¶ 19     Initially, we determine whether the trial court's summary judgment order finding that the

defendant doctors were not the actual agents of the hospital was a final judgment on the merits for purposes of *res judicata*. An order is final if it either terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate branch thereof. *Hull v. City of Chicago*, 165 Ill. App. 3d 732, 733 (1987). The summary judgment entered by the trial court here did not end the litigation. Thus, the question is whether the order finding that the doctors were not the hospital's actual agents disposed of the rights of the parties on a separate branch of the controversy. We conclude that it did not.

¶ 20    The appellate court's decision in *Hull* is instructive. There, the plaintiff's decedent was killed when a car crossed the median of the road and collided with the decedent's car. The plaintiff filed a two-count complaint against the city of Chicago, alleging a single claim of negligence. Count I alleged negligence in maintaining and repairing the roadway. The alleged negligent acts were described in multiple subparagraphs within a paragraph of count I. Count II alleged that the action survived under the survivorship statute. The trial court dismissed all but one of the subparagraphs describing alleged acts of negligence. The trial court made a Rule 304(a) finding and the plaintiff appealed. The appellate court dismissed the appeal for lack of jurisdiction. The court observed that the statement of a single claim in several ways by multiple subparagraphs does not warrant a separate appeal on less than all of the subparagraphs. The order of dismissal merely determined which allegations of negligence would be allowed to remain. The appellate court noted that Rule 304(a) was not intended to permit appeals from nonfinal orders that dispose of less than all of the issues in an action involving a single party and a single claim. *Hull*, 165 Ill. App. 3d at 733-34.

¶ 21    In *Rice v. Burnley*, 230 Ill. App. 3d 987 (1992), the plaintiff filed a multicount complaint alleging negligence in failing to install smoke detectors in a condominium unit and the common areas of the building. Some counts alleged wrongful-death and survival actions against the defendants. Other counts were based upon a theory of *res ipsa loquitur*. The trial court dismissed four of the counts and made a Rule 304(a) finding that there was no just reason for delaying enforcement or appeal of the order. The plaintiff appealed. *Id.* at 990. The appellate court dismissed the appeal for lack of jurisdiction, concluding that the trial court's order of dismissal of some of the counts of the complaint did not dispose of the rights of the parties on a separate branch of the controversy and the order was therefore not final. The court noted that "[a]n order disposes of a separate branch of a controversy when the bases for recovery of the counts which are dismissed are different from those which are left standing. [Citations.] This may occur when the grounds for recovery under the various counts arise from different statutes or common law doctrines or when different elements are required to recover under different theories. [Citation.]" *Id.* at 991. The appellate court noted that the plaintiff had advanced only one theory of recovery, *i.e.*, negligence, and that she must establish the same elements with respect to every count of her complaint. While the dismissed counts and the remaining counts alleged different acts and omissions, they all advanced the same theory of recovery. Thus, the dismissal of only some of the counts did not determine the merits of a separate claim and was therefore not a final order. *Id.* at 992.

¶ 22    In *Piagentini v. Ford Motor Co.*, 387 Ill. App. 3d 887 (2009), the plaintiff was injured in an auto accident and sued Ford, alleging negligence and strict liability in separate counts.

In each count, the plaintiff included allegations that his vehicle lacked an adequate seatbelt system and was insufficiently stable and subject to rolling over. The trial court granted partial summary judgment as to the stability/rollover allegations and granted the plaintiff leave to file an amended complaint including only the seatbelt allegations. The plaintiff filed an amended complaint, but later voluntarily dismissed it. He then refiled his complaint and Ford filed a motion for summary judgment based on *res judicata*. The trial court granted the motion. *Id.* at 888-90. The appellate court reversed, holding that the grant of partial summary judgment as to allegations within the counts of the plaintiff's complaint did not constitute a final order on two grounds: no actual count of the complaint was dismissed and the order granted the plaintiff leave to replead the remaining allegations. With respect to the first ground, the appellate court distinguished this court's decisions in *Rein* and *Hudson*, noting that there, whole counts had been dismissed, whereas in *Piagentini* only certain allegations had been dismissed, but both counts remained standing as bases for recovery. The dismissal of certain allegations under one theory of recovery merely determines which allegations under that theory are allowed to remain. Thus, the order was not final. *Id.* at 893-94.

¶ 23 The appellate court in the instant case distinguished *Piagentini* and relied instead on *Williams*. We conclude that *Williams* was incorrectly decided. The *Williams* court held that vicarious liability based upon apparent agency was a separate claim for purposes of *res judicata*. The court opined that vicarious liability based upon apparent agency is a "distinct claim and theory of recovery necessitating different elements of proof from *respondeat superior* liability based on employment or actual agency." *Id.* at 369. The court went on to note the different facts necessary to prove apparent agency as opposed to actual agency, and it observed that after the trial court granted summary judgment on the apparent agency allegations, there were no remaining allegations supporting liability based upon apparent agency. Thus, the order was final, as it disposed of a definite and separate portion of the controversy. *Id.* at 371.

¶ 24 We conclude that actual agency and apparent agency are not causes of action and that *Williams* erred in treating allegations of apparent agency as a separate and distinct cause of action. We overrule *Williams* to the extent it is inconsistent with our decision here. In the instant case, as in *Williams*, plaintiffs have alleged a negligence cause of action in which they contend that the defendant doctors breached their duty of care to Brandon, thereby causing him injury and resulting damages. Without the underlying cause of action for negligence against the doctors, plaintiffs would have no legal claim against the hospital. Plaintiffs do not claim that the hospital itself had any role in the allegedly negligent acts. Rather, plaintiffs claim that the hospital is liable for the doctors' negligence due exclusively to the hospital's role as principal. It is clear that plaintiffs could not sue the hospital for vicarious liability in any of its forms because vicarious liability is not itself a claim or cause of action. Whether one is vicariously liable for the acts of another depends upon establishing a relationship between the allegedly negligent actor and the alleged principal. To establish that relationship, the plaintiff must prove certain facts, just as the plaintiff must prove facts establishing duty, breach of duty, proximate cause, and damages. Actual and apparent agency are merely part of the duty analysis in a case where the plaintiff seeks to hold the principal liable for the agent's alleged negligence. In the same manner in which the plaintiff in *Piagentini* was

foreclosed from grounding liability on the dismissed allegations of vehicle instability and rollover, plaintiffs here were foreclosed from alleging that the hospital was liable based on a theory of actual agency. If the order of partial summary judgment in this case disposed of a separate branch of the controversy, an argument may be made that any order dismissing only some allegations as to liability would be a final judgment for *res judicata* purposes. In both scenarios, the plaintiff would be foreclosed from proving liability based upon the dismissed allegations.

¶ 25 We reject the hospital's argument that actual agency and apparent agency are "separate and distinct, stand-alone legal theories of recovery," thus each constituting a separate cause of action. Initially, we note that the hospital appears to equate "theory of recovery" with "claim" and "cause of action." If the hospital is correct that actual agency and apparent agency are separate claims, then plaintiffs did not split a single claim or cause of action when they voluntarily dismissed their complaint and later refiled it, and the rule of *Rein* and *Hudson* would not apply. A single cause of action may give rise to several theories of recovery. *Burris*, 151 Ill. 2d at 295; *River Park*, 184 Ill. 2d at 311. However, a theory of recovery is not a cause of action as this court has defined it. In this connection, we also note that Black's Law Dictionary defines "claim" as "[t]he aggregate of operative facts giving rise to a right enforceable by a court." Black's Law Dictionary 281 (9th ed. 2009). Thus, "claim" and "cause of action" are synonymous.

¶ 26 We hold that apparent agency and actual agency are not separate claims for purposes of *res judicata* and that no final order was entered here. Plaintiffs have one claim or cause of action against the hospital, *i.e.*, negligence based upon the hospital's responsibility for the allegedly negligent acts of the defendant doctors. The trial court's grant of partial summary judgment on actual agency merely removed some of the allegations against the hospital from the case. Allegations of agency remain in the case. Plaintiffs still may be able to prove the hospital liable for negligence based upon their remaining allegations of apparent agency. The trial court's grant of partial summary judgment did not dispose of the rights of the parties on a separate branch of the controversy. Therefore, the order was not final for *res judicata* purposes, and plaintiffs were not barred from asserting their allegations of apparent agency in their refiled action.

¶ 27                                            CONCLUSION

¶ 28 For the reasons stated, we reverse the appellate court's judgment and remand this cause to the circuit court for further proceedings.

¶ 29 Appellate court judgment reversed.

¶ 30 Cause remanded.