2020 IL App (2d) 190348-U
No. 2-19-0348
Order filed March 17, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| SARAH REESER, | ) | of Lake County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 10-D-1589 |
| | ) | |
| MATTHEW REESER, | ) | Honorable |
| | ) | Stephen M. DeRue, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE BRIDGES delivered the judgment of the court.
Justices Schostok and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court erred in ruling that *res judicata* applied to respondent's April 29, 2016, motion to reduce child support, and therefore erred in calculating child support arrearages. Accordingly, we reverse and remand.

¶ 2    Respondent, Matthew Reeser, appeals from the trial court's ruling requiring him to pay $17,390.13 in child support arrearages. On appeal, he argues that the trial court: (1) misapplied the doctrine of *res judicata* in denying him a hearing and final ruling on his two *pro se* motions to reduce child support; (2) arbitrarily applied the doctrine of *res judicata*; (3) violated his due process rights by refusing to hear evidence of his income when he was unemployed, despite his motions

to reduce child support; and (3) abused its discretion and violated public policy in refusing to consider respondent's periods of unemployment in calculating the child support arrearage. We agree with respondent's first argument in part and therefore reverse and remand.

¶ 3                                         I. BACKGROUND

¶ 4       Respondent and petitioner, Sarah Reeser, were married on November 11, 1995, and had three children. Petitioner filed a petition for dissolution of marriage on August 17, 2010. The parties' marriage was dissolved on March 4, 2013, and the dissolution judgment incorporated the parties' marriage settlement agreement and joint parenting agreement.

¶ 5       During the proceedings, the trial court entered uniform orders for child support on October 1, 2010; July 15, 2011; and July 27, 2012. The orders were based on respondent's monthly income of $5,268 from his job at Motorola.

¶ 6       Following the entry of the dissolution judgment, respondent began representing himself on a *pro se* basis and filed numerous petitions for rule to show cause. On October 24, 2013, the trial court granted petitioner's motion to bar respondent from filing further petitions or motions without leave of court.

¶ 7       On June 4, 2014, respondent filed a motion to reduce child support and childcare payments based on his eldest daughter becoming emancipated on June 6, 2014. He sought the same relief in motions filed on June 11, 2014, July 7, 2014, and July 11, 2014. On September 5, 2014, the trial court gave respondent leave to file a motion to reduce child support and ordered the parties to attempt to determine the appropriate support amount by the next court date. The trial court entered a uniform order of support on November 19, 2014. Respondent was to pay $1,811 per month for child support and childcare, based on respondent's monthly income of $5,550.

¶ 8    On March 3, 2016, respondent requested leave to file a motion to reduce child support due to unemployment. After receiving leave, he filed his motion on April 29, 2016. He alleged that he was receiving $1,860 in monthly unemployment benefits. He attached to the motion a letter from Motorola that stated that, due to a workforce reduction and site closures, his employment would end on October 23, 2015, or within two weeks after that. Respondent's motion was continued several times before it was ultimately heard almost one year later, on March 20, 2017. The trial court found that respondent was not willfully unemployed and refused to impute an income to him. However, it declined to modify his child support obligation until respondent obtained a new job. The trial court continued the matter to March 23, 2017, for a status on respondent's job search.

¶ 9    According to petitioner, at the March 23, 2017, hearing respondent informed the trial court that he was accepting a position at First Alert. The trial court entered an order continuing the matter to May 5, 2017, "for entry of an order modifying child support OR for hearing on Respondent's Petition to modify Child Support." (Emphasis in original.) The order stated that respondent was to "forward all employment terms to Petitioner's Counsel within 14 days."

¶ 10    On May 5, 2017, the trial court found that respondent's net annual income was $87,419.87 per year as of April 3, 2017. The trial court "reserved and continued" the "issues of child support arrearages and day care costs" to June 5, 2017. It entered a uniform order of support in the amount of $941.44 biweekly, retroactive to April 3, 2017. The uniform order of support labeled the issue of arrearages as "reserved."

¶ 11    On June 5, 2017, the trial court continued the issue of arrearages to July 11, 2017. It also entered a new uniform order of support for $1,039.47 biweekly. On July 11, 2017, the issue of child support arrearages and childcare arrearages was continued to September 15, 2017.

¶ 12    On August 11, 2017, respondent filed a motion alleging that he was laid off by First Alert on August 9, 2017. He sought leave to file a motion to reduce child support. On August 28, 2017, the trial court again continued the issues of child support arrearages and daycare arrearages, to September 15, 2017. At a hearing on that date, the trial court found that "due to lack of employment[, respondent] was unable to pay child support at the level set in the Judgment." It continued the hearing to November 7, 2017, on respondent's motion seeking to "modify child support retroactive to the filing of the petition on March 3, 2017 [*sic*]."[1]

¶ 13    On November 7, 2017, the trial court entered a uniform order of support finding that respondent's net income was $3,699 per month, and ordered monthly child support of $1,095, beginning on November 25, 2017. It set the matter for a review of child support for March 13, 2018. The trial court did not explicitly mention child support arrearages or childcare arrearages.

¶ 14    The trial court subsequently continued the matter twice, again without mentioning arrearages. During this time, respondent obtained counsel. On May 15, 2018, the trial court ordered respondent to pay $1,192 for May 2018 child support and $784 for support for one child for June and July 2018 only (the parties' second eldest child emancipated on June 12, 2018). The matter was "set for status on calculation of child support" on July 16, 2018. On that date, the trial court ordered respondent to pay $761 per month for child support. The May 15, 2018, and July 16, 2018, orders were memorialized in income withholding support orders entered on January 28, 2019, and uniform orders of support entered on May 14, 2019.[2]

---

[1] Respondent requested leave to file a motion to reduce child support due to unemployment from Motorola on March 3, 2016.

[2] The uniform orders of support all reserved the issue of arrearages.

¶ 15    In the meantime, on May 16, 2018, petitioner filed a petition for rule to show cause alleging, among other things, that respondent had not paid all child support and childcare expenses. The trial court denied her petition on September 17, 2018. On the issue of child support arrearages, the trial court stated:

> "This Court would note that on May 5, 2017, the Court entered the order modifying child support, however, there is no language in the Order whether the Order applied retroactively to the date of filing the Petition. Likewise, the Order states that the issue of arrearage is 'reserved.' The Court did not find any future Order assessing the amount of the arrearage. Subsequently, on the following dates, new Uniform Orders of Support were entered: June 5, 2917 [*sic*] and November 11, 2017. On July 16, 2018, child support was reduced, but no Uniform Order for Support was entered. The Court cannot find that Respondent has willfully refused to pay, because there has never been a calculation of the arrearage and whether any of the Modified Orders of Support were retroactive. For this, [*sic*] reason, the Court denied the Petition for Rule to show cause <u>without prejudice</u>." (Emphasis in original.)

¶ 16    On September 26, 2018, respondent filed a motion to determine child support arrearages and to enter uniform support orders memorializing the trial court's orders of May 15 and July 16, 2018.

¶ 17    On February 5, 2019, the trial court granted respondent's request for a hearing on the motion he filed on April 29, 2016, for retroactive relief of his child support obligation. Its order did not mention respondent's August 11, 2017, motion.

¶ 18    On February 26, 2019, the trial court found that the April 29, 2016, motion was previously set for a hearing on May 5, 2017, and at the end of the hearing, a child support order was entered.

The trial court found that "based upon the motion having been previously set and heard on May 5, 2017, the request for relief on the motion is *res judicata* and resolved and merged into the May 5, 2017 order." It then found that as of February 1, 2019, respondent's child support arrearage was $17,390.13, before interest.

¶ 19    Respondent filed a motion to reconsider on March 28, 2019, which the trial court denied the following day. Respondent now appeals from the trial court's February 26, 2019, and March 29, 2019, orders.[3]

¶ 20                                II. ANALYSIS

¶ 21    Respondent first argues that the trial court improperly applied the doctrine of *res judicata* in ruling that the May 5, 2017, order resolved his April 29, 2016, motion to reduce child support. He argues that the trial court also erred in failing to grant a hearing on his August 11, 2017, motion to reduce child support, because the trial court never entered a final judgment disposing of that motion. Respondent additionally argues that the trial court's application of *res judicata* produced a highly unfair and inequitable result requiring him to pay child support arrearages based on an income significantly higher than his actual unemployment income.

¶ 22    We note that under the doctrine of *res judicata*, a final judgment on the merits by a court of competent jurisdiction bars a subsequent suit between the parties or their privies involving the same cause of action. *Ward v. Decatur Memorial Hospital*, 2019 IL 123937, ¶ 44. For *res judicata* to apply, there must be: (1) a final judgment on the merits by a court of competent jurisdiction; (2) identity of cause of action; and (3) identity of parties or their privies. *Id.* ¶ 45. For *res judicata*

---

[3] The trial court labeled both of these orders as final and appealable. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

purposes, an order is final if it terminates the litigation between the parties on the merits, for either the entire controversy or a separate part of the controversy. *Wilson v. Edward Hospital*, 2012 IL 112898, ¶ 19. The purpose of the doctrine is to promote judicial economy and protect defendants from having to relitigate what is essentially the same claim. *A & R Janitorial v. Pepper Construction Co.*, 2018 IL 123220, ¶ 16. Still, "[r]es judicata will not be applied where it would be fundamentally unfair to do so." *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 390 (2001). Whether an action is barred by *res judicata* presents a question of law that we review *de novo*. *Ward*, 2019 IL 123937, ¶ 44.[4]

¶ 23    Respondent argues that even if the second and third elements of *res judicata* are present here, the first element has not been satisfied, in that there has not been a final judgment on the merits. According to respondent, a careful review of the May 5, 2017, order reveals that the trial court never ruled whether it was granting or denying his April 29, 2016 motion. He argues that the only issue that the May 5, 2017, order resolved was to set a new child support amount going forward, based on respondent's new income from First Alert, which was calculated to be

---

[4] Respondent also states that no court reporters were present at the February 26 and March 29, 2019, hearings, and that he did not file a bystander's report because the trial court did not hear evidence but instead decided the matter based on the record. These circumstances also support *de novo* review. See *Doctors Oxygen Service, Inc. v. Cannon Management Group, LLC*, 2017 IL App (2d) 170003, ¶ 22 (where the trial court did not conduct an evidentiary hearing and based its ruling on the documentary evidence, the parties' arguments, and the record, the appellate court reviewed its ruling *de novo*).

$87,419.87 per year. He points out that the order itself reserved and continued the issues of child support arrearages and childcare costs.

¶ 24    Respondent further argues that in the February 5, 2019, order, the trial court did not explain why it refused to grant respondent's request for a hearing and final ruling on his August 11, 2017, motion for a reduction of child support. He argues that *res judicata* cannot apply to the August 2017 motion, as the trial court never resolved that motion.

¶ 25    Respondent also argues that principles of fairness and equity dictate that *res judicata* should not have been applied here to deny him a right to a hearing and final ruling on his two motions. Respondent maintains that the arrearage amount of $17,390.13 was calculated based on the existing uniform orders of support, without taking into consideration that his income was significantly lower while he was unemployed. Respondent highlights that the trial court found in its March 20, 2017, order that he was not willfully unemployed, and found in its September 15, 2017, order that respondent was not able to pay child support "at the level set in the Judgment" due to a lack of employment. Respondent argues that the inconsistency in the trial court's own findings and the unjust result are apparent here, which confirms that *res judicata* should not be applied.

¶ 26    Respondent relatedly argues that the trial court arbitrarily applied the doctrine of *res judicata* in that it applied the doctrine to the May 5, 2017, order, but not the November 7, 2017, order. Respondent argues that if, *arguendo*, the trial court correctly applied *res judicata* to the May 5, 2017, order:

"under the same analysis and principles, [it] should have applied it to the November 7, 2017 Orders and should have ruled that [respondent] did not owe any child support

arrearages because the November 7, 2017 Orders do not contain an arrearage amount and do not reserve and continue the issue of arrearages to a different date."

Respondent argues that all four court orders entered from May 5, 2017, to November 7, 2017, reserved and continued the issue of child support arrearages, but neither the November 7, 2017, orders nor any subsequent orders did so, which would show that the issue of arrearages was finally adjudicated on November 7, 2017. Respondent contends that the trial court should either have applied *res judicata* to both the May 5, 2017, order and the November 7, 2017, orders, or to neither of them.

¶ 27    Petitioner responds that there was a final judgment on the merits on the April 29, 2016, motion to modify child support, and therefore *res judicata* applies. Petitioner points out that the March 23, 2017, order set the May 5, 2017, hearing "for entry of an order modifying child support OR for hearing on Respondent's Petition to modify Child Support." (Emphasis in original.) Petitioner argues that, therefore, the order gave the parties two options for May 5, 2017: either agree to an order modifying the terms of respondent's child support obligation, or have a hearing on the pending motion to reduce child support. Petitioner argues that both parties were present at the May 5, 2017, hearing and agreed to the terms of respondent's modified child support obligation, which was based on his new employment as of April 3, 2017. Petitioner argues that if respondent did not agree to the terms laid out in the May 2017 order, he could have chosen to have a full hearing on the merits of his motion to reduce child support, but he instead chose to enter an agreed order modifying his child support obligation. Petitioner argues that "[r]eserving the issues of past child support arrearages and day care expenses did not affect the finality of [respondent's] new child support moving forward ***." She also argues that the "second Motion to Modify Child Support filed on August 11, 2017 was subsequent to the May 5, 2017 Court Order and has no

bearing on this appeal since [respondent's] request for retroactivity was to the date of his filing of his original Motion for reduction of child support on April 29, 2016 or to coincide with [respondent's] unemployment." Petitioner argues that respondent "is attempting to request additional retroactivity of the reduced child support obligation after the final judgment of May 5, 2017 was entered, which was rightfully barred by *res judicata*." She maintains that the modification of child support agreed to on May 5, 2017, did not include retroactivity to the date of filing the motion for reduction.

¶ 28    Petitioner additionally argues that it was not consequential that the issue of child support arrearages was not specifically reserved in every court order before the arrearages were ultimately calculated, because it was an ancillary issue that did not effect the finality of the modified child support amount set forth in the May 5, 2017, court order. She also argues that the arrearages were a separate issue from whether respondent should receive a modification of a child support obligation.

¶ 29    In his reply brief, respondent asserts that the reason he did not appeal the February 5, 2019, order, in which the trial court did not give any reason for denying to hear the August 11, 2017, motion to reduce child support, was because the trial court did not specifically make the order final and appealable. Respondent argues that it is, however, indicative of how the trial court has been disposing of issues in this case by continuing hearings until motions are omitted from future orders, resulting in the trial court avoiding responsibility to rule on them.

¶ 30    We agree with respondent that the trial court improperly applied the doctrine of *res judicata* in ruling that the May 5, 2017, order resolved respondent's April 29, 2016, motion to reduce child support. We initially note that *res judicata* bars the re-litigation of matters in subsequent lawsuits (see *Taylor, Bean, & Whitaker Mortgage Corp. v. Cocroft*, 2018 IL App (1st)

170969, ¶ 49), whereas this case does not involve multiple actions.[5] Although the trial court misused the term *res judicata*, it essentially ruled that respondent was not entitled to relief on his April 29, 2016, motion because that motion had already been heard and resolved. Similarly, the parties do not dispute that the central issue is whether the May 5, 2017, order resolved the April 29, 2016, motion.

¶ 31    We recognize that at the March 23, 2017, hearing the trial court entered an order continuing the matter to May 5, 2017, "for entry of an order modifying child support OR for hearing on Respondent's Petition to modify Child Support" (Emphasis in original.) This could support the either-or scenario that petitioner advocates, in that the trial court may have anticipated that the May 5, 2017, hearing would result in either an order modifying child support or a hearing on the motion to modify child support. Petitioner asserts that the parties entered an agreed order modifying child support, which resolved the motion to reduce child support. However, the contents of the May 5, 2017, order do not indicate that this is what actually occurred.

¶ 32    First, there is nothing labeling the order as an agreed order. Second, the trial court found that respondent's annual income was $87,419.87 per year as of April 3, 2017; through a separate uniform order of support, it ordered child support of $941.44 biweekly retroactive to April 3, 2017, with the amount of arrearages labeled as "reserved." Thus, the amount of child support was made retroactive only to April 3, 2017, with the question of the amount for child support payments between April 29, 2016, when respondent filed his motion to reduce child support, and April 3,

---

[5] The law of the case doctrine, which is another preclusion doctrine, requires a prior appeal of the issue (*In re Marriage of Carstens*, 2018 IL App (2d) 170183, ¶ 23), which also did not occur here.

2017, when he began his new employment, left unresolved. Third, this is made explicit by the language in the May 5, 2017, order that the trial court "reserved and continued" the "issues of child support arrearages and day care costs" to June 5, 2017. That the trial court did not make the new child support payments retroactive to the time of respondent's motion to reduce child support is logical, as the trial court had already found on March 20, 2017, that respondent was not willfully unemployed. [6]

¶ 33    Our resolution is additionally supported by the fact that the trial court continued the issue of child support arrearages and daycare arrearages on many occasions after May 5, 2017. If the child support arrearages required only calculating the prior child support amount multiplied by the number of months that had passed between respondent's last payment and the April 3, 2017, effective date of the next uniform order of support, the issue of arrearages could have been resolved quickly, as opposed to the many continuances. It is also significant that after petitioner filed a petition for rule to show cause alleging that respondent had not paid all child support and childcare expenses, the trial court denied the petition on September 17, 2018. It stated that there was no language in the May 5, 2017, order stating whether the order applied retroactively to the date of filing the petition to reduce child support. [7] The trial court noted, as we have, that the order stated

---

[6] Had the trial court made the modified payment amount retroactive to the filing of the petition to reduce child support, it appears that it would have actually been an increase in child support, because on November 19, 2014, respondent was ordered to pay $1,811 per month for child support and childcare, whereas the modified amount beginning April 3, 2017, was $941.44 biweekly.

[7] As we stated, the uniform order of support that the trial court also entered on May 5, 2017,

that the issue of arrearages was "reserved." The trial court stated that it did not find any future order assessing the arrearage amount. The trial court stated that it could not "find that Respondent has willfully refused to pay, because there has never been a calculation of the arrearage and whether any of the Modified Orders of Support were retroactive." Thus, the trial court itself recognized on September 17, 2018, that the May 5, 2017, was not a resolution on the merits of the April 29, 2016, motion.

¶ 34     As such, the trial court erred in ruling that respondent's April 29, 2016, motion to reduce child support was resolved in the May 5, 2017, order. Rather, the record shows that the trial court never ruled on the merits of respondent's April 29, 2016, motion. The trial court therefore erred in its calculation of respondent's child support arrearage, and in denying respondent's motion to reconsider.

¶ 35     That being said, we disagree with respondent's argument regarding his August 11, 2017, motion. As stated, on October 24, 2013, the trial court barred respondent from filing further petitions or motions without leave of court. Respondent's August 11, 2017, motion requested *leave* to file a motion to reduce child support because respondent lost his job at First Alert. There is no ruling in the record granting or denying his request for leave to file such a motion.

¶ 36     "It is the moving party's responsibility to request the judge to rule on his or her motion, and when no ruling has been made, the party is presumed to have abandoned the motion, absent circumstances indicating otherwise." *Rodriguez v. Illinois Prisoner Review Board*, 376 Ill. App. 3d 429, 433 (2007).[8] As respondent failed to have the trial court rule on his August 11, 2017,

---

made the new child support amount retroactive only to April 3, 2017.

[8] In contrast to his August 11, 2017, motion, respondent obtained a ruling on his April 29,

motion for leave to file a motion to reduce child support, we are unable to review the issue. We note that although respondent claims that on February 5, 2019, the trial court refused to set the August 11, 2017, motion for a hearing, there is nothing in the trial court's order indicating such a denial. We also have no report of proceedings or bystander's report that could support respondent's assertions. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (the appellant has the burden to provide a sufficiently complete record of the trial proceedings to support his claims of error, and we must resolve any doubts arising from the lack of a complete record against the appellant). Further, as stated, respondent first needed to obtain leave to file a substantive motion, and he did not obtain a ruling on his August 11, 2017, motion seeking such leave.

¶ 37    Based on our resolution of these issues, we do not address respondent's alternative arguments that the trial court arbitrarily applied the doctrine of *res judicata*, and that the trial court abused its discretion and violated public policy by refusing to consider respondent's periods of unemployment in calculating the child support arrearages.

¶ 38                            III. CONCLUSION

¶ 39    For the reasons stated, we reverse the trial court's February 26, 2019, order, as the trial court incorrectly ruled that respondent's April 29, 2016, motion to reduce child support had already been resolved on the merits, and therefore erred in its calculation of child support arrearages. We correspondingly reverse the trial court's March 29, 2019, order denying respondent's motion to reconsider, and we remand for further proceedings.

¶ 40    Reversed and remanded.

---

2016, motion (which we have reversed).