NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2021*
Decided January 4, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 20-3183

| | |
|---|---|
| ELOISE LOCKHART, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 9323 |
| HSBC FINANCE CORPORATION, et al., <br> *Defendants-Appellees*. | Thomas M. Durkin, <br> *Judge*. |

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

**O R D E R**

Eloise Lockhart sued her home mortgage holder and several other defendants in federal court over the efforts to foreclose on her Chicago house. She claims that the original mortgage on her house and the foreclosure on her property violated consumer protection laws. An Illinois state court was already hearing many of these claims, so the district court stayed proceedings pending the outcome of the state litigation. Once the state case ended, the federal court dismissed Lockhart's claims as precluded by the adverse Illinois judgment and defective in other ways. Because preclusion principles alone bar this litigation, we affirm.

In 2007, the holder of Lockhart's home mortgage (Household Financial Corporation III) filed a foreclosure suit against Lockhart in the Circuit Court of Cook County. Lockhart filed counterclaims against Household and its parent company (HSBC Finance Corporation).

That litigation was ongoing in 2013 when Lockhart brought this suit in federal district court, believing the state case had unduly stalled. She sued (as relevant here) her mortgage holder, its parent company, their attorneys, and Arnold Kaplan, a lawyer who briefly represented her in the state case. Her primary allegations here are nearly identical to her counterclaims in state court: The lender defendants wrongly sought to enforce her mortgage in violation of the Illinois Interest Act, 815 ILCS 205/0.01, and the Federal Truth in Lending Act, 15 U.S.C. § 1601. Her federal suit applies other legal theories to the same conduct, including a claim that the defendants—including Kaplan—conspired to illegally collect on her mortgage in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962, 1964(c).

The district court stayed part of the case under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), awaiting the outcome of the state case. The state court meanwhile ruled that the mortgage was valid, entered a judgment of foreclosure for the lender, and entered summary judgment against Lockhart on her counterclaims. An Illinois appellate court affirmed. *Wilmington Sav. Fund, FSB v. Lockhart*, 2019 IL App (1st) 181180-U, 2019 WL 1462223 (Mar. 29, 2019). Eventually, the district court dismissed Lockhart's suit with prejudice. It reasoned that claim preclusion (or res judicata) and issue preclusion barred all claims, that her "conclusory allegations" did not state a RICO claim, and that her Truth-in-Lending-Act claims were time-barred.

Lockhart appeals and seeks to revive her Truth in Lending Act and Illinois Interest Act claims against the lender defendants and their lawyers, and her RICO

claims against those defendants and Kaplan. (She has abandoned many other theories that she pressed in the district court.) Because of preclusion, none of these claims can proceed.

First, the district court properly concluded that claim preclusion bars Lockhart's Truth in Lending Act and Illinois Interest Act claims. A federal court must give a state judgment the same preclusive effect as the rendering state would. 28 U.S.C. § 1738. Under Illinois law, claim preclusion prohibits parties from relitigating claims that have been resolved by a court with jurisdiction. *Baek v. Clausen*, 886 F.3d 652, 660 (7th Cir. 2018) (citing *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998)). The doctrine has three requirements: (1) there must be a final judgment on the merits; (2) the cause of action must be the same; and (3) the parties must be the same or in privity. *Id*. We review dismissals based on claim preclusion de novo. *Id*.

Lockhart does not dispute that the last element is met—that the parties in the two suits are the same or in privity—nor could she. The lender defendants or their corporate relations are parties to both suits. They and their lawyers in the state suit are in privity because they shared a common interest in its outcome. *See Colagrossi v. Royal Bank of Scot.*, 57 N.E.3d 601, 613 (Ill. App. Ct. 2016) (corporate relations); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) (lawyers).

Instead, Lockhart focuses on the first two requirements. She contends that there was no final judgment on the merits for the Truth in Lending Act claim because the state court struck it from her complaint as substantially deficient in law, *see* 735 ILCS 5/2-615(b) (2010), and she was denied leave to amend her complaint. But in Illinois, an "involuntary dismissal of an action . . . operates as an adjudication upon the merits," with exceptions not relevant here. Ill. S. Ct. R. 273; *see also Ward v. Decatur Mem'l. Hosp.*, 160 N.E.3d 1, 10 (Ill. 2019). The dismissal of a claim under § 2-615 counts as an involuntary dismissal for purposes of Rule 273 "when the order specifies that it is 'with prejudice' or when the trial court denies leave to file an amended complaint." *Ward*, 160 N.E.3d at 10. In this case, the state court dismissed Lockhart's Truth in Lending Act claim under § 2-615 and denied her motion to amend her complaint. Thus, the dismissal was a final judgment on the merits of this claim.

Lockhart next argues that claim preclusion cannot bar her Illinois Interest Act claims because there is no identity of the causes of action. These claims were not—and could not have been—part of the first suit, she says, because she did not think to raise this legal theory until after the state court denied her leave to amend her complaint. We disagree. In Illinois, if the same facts give rise to multiple legal theories of recovery, they

comprise just one cause of action. *Wilson v. Edward Hosp.*, 981 N.E.2d 971, 975 (Ill. 2012); *see also Baek*, 886 F.3d at 660. Claim preclusion blocks any claim based on the same facts that could have been brought in the first suit, even if it involves a new legal theory. *Wilson*, 981 N.E.2d at 975. This applies to the Illinois Interest Act claim. It is based on Lockhart's mortgage and efforts by Household Finance Corporation to collect on it through the state foreclosure action. No barrier prevented Lockhart from raising this legal theory with her state court counterclaims, so it is precluded.

Lockhart next argues that claim preclusion does not block her RICO claims. We need not decide that question because issue preclusion clearly does. The core of the alleged RICO conspiracy is that the defendants tried to collect on an illegal debt, her mortgage. Under issue preclusion, when a party has litigated an issue in a previous suit and lost, she may not relitigate the same issue, even as part of a new claim, hoping for different results. *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 477 (Ill. 2001). The requirements are: (1) the issues in the two suits are identical; (2) the prior suit ended in a final judgment on the merits; and (3) the party to be estopped was a party in the prior suit (or in privity with one). *Id*. at 478.

The elements of issue preclusion are met and the doctrine blocks Lockhart's RICO claims. The alleged illegality of her mortgage—central to her RICO claims—was the core issue in state court as well. That court ruled that the mortgage was lawful, and it entered a final judgment of foreclosure based on its ruling. And Lockhart, of course, was a party in both suits. Lockhart is therefore precluded from contending that her mortgage was unlawful and unenforceable, so her RICO claims cannot proceed.

Lockhart also purports to appeal the dismissal of her claims under the Fair Housing Act and Fair Debt Collection Practices Act, but she does not make any arguments on these points, so she forfeits these challenges. *See Cloutier v. GoJet Airlines, LLC*, 996 F.3d 426, 450 (7th Cir. 2021).

Finally, Lockhart argues that she is entitled to punitive damages—separate and apart from her other claims. But "[p]unitive damages are not an independent cause of action. They represent a specific type of relief." *Dr. Franklin Perkins Sch. v. Freeman*, 741 F.2d 1503, 1524 (7th Cir. 1984). Lockhart must identify a legal claim that allows her to seek punitive damages, and she does not do so.

AFFIRMED